*In re* EGBERT ESTATE

UNSELD v BEDENBAUGH

Docket No. 49790. Submitted January 13, 1981, at Lansing.—Decided April 10, 1981.

Beatrice Bedenbaugh and Ernest D. Egbert were determined to be first cousins and sole heirs-at-law of Charles E. Egbert, deceased, by Saginaw Probate Court. Subsequently, Renee A. Unseld filed a petition with the court claiming to be the niece and sole heir-at-law of the decedent and asking the court to quash all prior proceedings in the matter. Following a hearing, Saginaw Probate Court held that petitioner failed to establish her claim by a preponderance of the evidence. She appealed to Saginaw Circuit Court which affirmed the decision of the probate court, Eugene Snow Huff, J. Petitioner appeals by leave granted, alleging that the probate court erred in denying her request to admit certain evidence and that the probate judge was clearly prejudiced against petitioner and her counsel and should be disqualified if the case is remanded. *Held:*

1. Petitioner's first proposed exhibit which was denied admission by the probate court was voluntarily withdrawn by her counsel and, thus, the question of its admissibility is not properly before this Court on appeal.

2. Petitioner's second proposed exhibit could have been admitted under an exception to the hearsay rule. The trial court erred in failing to so admit even though petitioner's counsel did not present proper grounds for admission to the court, since the evidence, if given any weight, would be crucial to and perhaps determinative of the cause of action.

3. The record does not support petitioner's claim of prejudice on the part of the probate judge,

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 785 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 738.
[3] 5 Am Jur 2d, Appeal and Error § 738.
   29 Am Jur 2d, Evidence § 249.

1. EVIDENCE — HEARSAY — RULES OF EVIDENCE.

An inscribed photograph, in existence for 20 years or more, which is offered in a probate matter to establish the relationship of the offeror to a decedent is not excluded by the hearsay rule where the declarant is unavailable as a witness, and the photograph may be admitted into evidence as a statement of personal or family history, an ancient document, or as a family record (MRE 803[13], [16], 804[b][4]).

2. EVIDENCE — COURTS — EXCLUSION OF EVIDENCE — APPEAL — ERROR.

Generally, error requiring reversal will not be found on appeal where evidence otherwise admissible was excluded by a trial court on the ground that the proper basis for admission was not presented to the court.

3. EVIDENCE — COURTS — EXCLUSION OF EVIDENCE.

A trial court is bound to follow the rules of evidence pertaining to admissibility of evidence whether or not the rules are cited to the court where the evidence is otherwise admissible and, if given any weight at all, would be crucial and perhaps determinative of a cause of action, and failure by the court to admit such evidence constitutes error requiring reversal.

*Robert R. Day, (Donald A. Kuebler* of counsel) for plaintiff.

*Trogan & Trogan, P.C.,* for defendants.

Before: BEASLEY, P.J., and R. B. BURNS and C. J. HOEHN,* JJ.

PER CURIAM. Charles Ernest Egbert died intestate on June 26, 1978, at the age of 91. On October 5, 1978, following uncontested testimony two days earlier, Beatrice Bedenbaugh and Ernest D. Egbert were determined to be first cousins of the decedent and his sole heirs-at-law. On October 20, 1978, Renee Alice Unseld, hereinafter plaintiff, filed a petition claiming to be the niece and sole heir-at-law of the deceased and asking that all prior proceedings in the estate be quashed and held for

* Circuit judge, sitting on the Court of Appeals by assignment.

nought on the grounds that they were instituted and carried forward by persons with no pecuniary interest in the estate. After a hearing on the petition held on November 20, 1978, the probate court held that plaintiff had failed to convince the court by a preponderance of the evidence that she was, in fact, decedent's niece. Following an unsuccessful appeal to the circuit court, plaintiff appeals to this Court by leave granted.

Plaintiff first contends that the probate court erred in denying her request to admit into evidence two proposed exhibits to prove her relationship to decedent. The first proposed exhibit, a memorial card, was voluntarily withdrawn by plaintiff's counsel and, therefore, the question of its admissibility is not properly before this Court.

The second proposed exhibit was a picture postcard. On the front of the postcard is a photograph of a young girl, who plaintiff alleges is herself. On the back is the alleged handwriting of the deceased stating: "Ren Robinson, My Sister, Daughter, Age About 3, */s/ Ernest Egbert*".

When plaintiff sought to admit the exhibit, defendants objected that it was not admissible because it was hearsay. After plaintiff's counsel could not cite an exception to the hearsay rule, the trial judge ruled that the exhibit was inadmissible.

This photograph is admissible under MRE 804(b)(4) which provides:

"(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

\* \* \*

"(4) Statement of personal or family history. (A) A statement concerning the declarant's own birth, adoption, marriage, divorce, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar

fact of personal or family history, even though declarant had no means of acquiring personal knowledge of the matter stated; or (B) a statement concerning the foregoing matters, and death also, of another person, if the declarant was related to the other by blood, adoption, or marriage or was so intimately associated with the other's family as to be likely to have accurate information concerning the matter declared."

Defendants maintain that the photograph is inadmissible, citing *Lamoreaux v Attorney General*,[1] where the Michigan Supreme Court held that the alleged relationship must be shown by other evidence in addition to the statement of the alleged relative. *Lamoreaux* is no longer valid authority in light of the statement in MRE 101 that "[t]hese rules govern proceedings in the courts of this state to the extent and with the exceptions stated in Rule 1101", which are not pertinent here.

Moreover, *Lamoreaux* is distinguishable, as the court there was not concerned with hearsay statements of a deceased person as to his family ties but, rather, as to the citizenship of a relative.

The photograph could also be admissible under MRE 803(16) as an ancient document in existence 20 years or more, or under MRE 803(13), which provides that the following are not excluded by the hearsay rule:

"(13) Family records. Statements of fact concerning personal or family history contained in family Bibles, genealogies, charts, engravings on rings, *inscriptions on family portraits,* engravings on urns, crypts, or tombstones, or the like." (Emphasis added.)

Having determined that the photograph was admissible, the question remains whether error may be predicated on the probate court's sustain-

[1] 89 Mich 146; 50 NW 812 (1891).

ing of defendants' objection to admissibility where plaintiff's counsel failed to argue appropriate grounds for admissibility. MRE 102 provides:

"These rules are intended to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined."

More to the point, MRE 103(d) states:

"(d) Plain error. Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court."

Although, generally, error requiring reversal will not be found where admissible evidence was excluded but the proper grounds for admissibility were not presented to the trial court,[2] where, as here, the excluded evidence, if given any weight at all, would be crucial and, perhaps, determinative of the lawsuit, the better rule is that the trial court is bound to follow the law, whether or not it has been cited to the court.

Therefore, we set aside the probate court's determination of heirs and remand for a hearing on the merits with full opportunity to offer all evidence relevant to a determination of heirs.[3]

Plaintiff's second claim is that the probate judge in this case is clearly prejudiced against plaintiff and her counsel and, therefore, should be disqualified from hearing the matter in the event the case is remanded. This claim is not supported by the record.

Reversed and remanded.

---

[2] *Murphy v Manistee R Co,* 194 Mich 595; 161 NW 876 (1917).

[3] The record leaves a nagging question of whether more evidence regarding this issue is available.